A00A0793. CARR v. THE STATE.
(533 SE2d 756)

BLACKBURN, Presiding Judge.

Following a jury trial, Lorenzo Carr appeals his conviction of two counts of aggravated assault, contending that the evidence was insufficient to support the convictions. We affirm.

On appeal from a criminal conviction,

the evidence must be viewed in the light most favorable to support the verdict, and [Carr] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Ryals v. State,* 238 Ga. App. 578 (519 SE2d 505) (1999). See *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

OCGA § 16-5-21 (a) provides: "A person commits the offense of aggravated assault when he or she assaults . . . [w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury."

The evidence at trial showed that on the afternoon of March 9, 1998, Carr returned to the apartment he was sharing with Michelle Calloway, the mother of his child. Carr went upstairs to the bedroom where he found Calloway and another man, Melvin Sheffield, fully clothed, asleep in the bed. Upon awaking, Calloway told Carr not to get the gun, which she kept in the closet. Calloway and Carr went to the closet and began to struggle over the gun. In the struggle, Calloway was shot in the arm. Sheffield joined the struggle and was shot by Carr. Sheffield, on the floor, begged Carr not to kill him, yet Carr fired a second shot which hit Sheffield. After the shooting, Carr told his grandmother that he had shot Calloway. This evidence was sufficient to authorize the jury's verdict that Carr is guilty, beyond a reasonable doubt of aggravated assault upon Calloway and Sheffield.

Although Carr contends that there was contradictory evidence,

[c]onflicts in the testimony of witnesses, including the state's witnesses, [are] a matter of credibility for the jury to resolve. As long as there is some evidence, even though contradicted, to support each fact necessary to make out the state's case, the jury verdict will be upheld.

(Citations omitted.) *Searcy v. State,* 236 Ga. 789, 790 (225 SE2d 311) (1976). See *Cheney v. State,* 233 Ga. App. 66, 69 (2) (503 SE2d 327) (1998).

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED APRIL 13, 2000.

*Billy J. Dixon,* for appellant.

*Robert E. Keller, District Attorney, Lalaine A. Briones, Assistant District Attorney,* for appellee.